```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                        EASTERN DIVISION


Edgar S. Vitek,                    :

        Plaintiff,                 :

    v.                             :    Case No. 2:06-cv-0615

AIG Life Brokerage, et al.,        :    JUDGE MARBLEY

        Defendants.                :
```

OPINION AND ORDER

This is a diversity action brought by Edgar S. Vitek alleging violations of Ohio state law. The named defendants in this case are AIG Life Brokerage, American General Life Insurance Company, American International Group, Inc., and The Old Line Life Insurance Company of America ("Old Line") (collectively known as "defendants"). This matter is before the Court on defendants' motion to dismiss Mr. Vitek's complaint for improper service. For the following reasons, defendants' motion to dismiss will be denied. Further, Mr. Vitek will receive an additional thirty (30) days to perfect service.

I.

On June 20, 2006, Mr. Vitek filed a complaint in the Franklin County Court of Common Pleas against the defendants alleging breach of contract, tortious interference with a business relationship, and tortious interference with a contract. Subsequently, the lawsuit was removed to this Court.

The following facts are taken from the Complaint. Mr. Vitek is in the business of selling insurance and has had a General Agency Agreement with Old Line since 1973. (Compl. ¶¶ 1, 6.) Under the terms of that Agreement, Mr. Vitek is entitled to receive commissions for the life of each policy written by an agent or

broker who submitted the policy through Mr. Vitek's General Agency. (Id. ¶ 8.)  Furthermore, Mr. Vitek is also entitled, under the Agreement, to receive commissions for each policy that he personally wrote and submitted through his General Agency. (Id. ¶ 9.)  Mr. Vitek claims that he is entitled to, but has not received, commissions dating back to October 1986 from policies sold by an insurance agent named Mr. Cotterman and submitted to Old Line through Mr. Vitek's General Agency. (See id. ¶¶ 14-20.)  Mr. Vitek's tortious interference claims stem from his relationship with Craig Cotterman and Old Line's allegedly improper assignment of insurance policies written by Mr. Vitek. (See id. ¶¶ 23, 25.)

However, as a result of a series of acquisitions and consolidations since 1973, Mr. Vitek's contracts with Old Line have been transferred to one or more of the named defendants.  (Id. ¶ 4.)  Old Line has since merged into defendant American General Life Insurance Company, which is a wholly owned subsidiary of American International Group, Inc. (Id.; Defs.' Mot. to Dismiss at 5.)  In addition, Old Line may have been a predecessor of AIG Life Brokerage, which is a division of American International Group, Inc. (Defs.' Reply in Supp. of Mot. at 6.)

The record indicates that some time after filing the Complaint on June 20, 2006, Mr. Vitek mailed four copies of the summons and complaint by certified mail to 1200 N. Mayfair Rd., Suite 300, Milwaukee, Wisconsin 53226.  Each copy was received and signed for at that address: three on June 28, 2006, and one on June 29, 2006. (Pl.'s Mem. in Opp'n at 1.)  On July 20, 2006 the defendants removed the action to this Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332.

On July 27, 2006 the defendants filed a motion to dismiss the Complaint for improper service.  The defendants allege that Mr. Vitek did not properly serve the defendants under Rule 4.2(F) of the Ohio Rules of Civil Procedure, and, therefore the Complaint

2

should be dismissed pursuant to Rule 12(b)(5) for insufficient service of process. The issue is fully briefed and the motion is ripe for adjudication.

II.

Pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure, a trial court, upon motion, may dismiss a complaint for failure to make proper service of process. It is well established that "[i]n determining the validity of service in [a] state court prior to removal, a federal court must apply the law of the state under which the service is made." 4A Wright & Miller, Federal Practice and Procedure § 1082 (1969), cited in Allen v. Ferguson, 791 F.2d 611, 616 n.8 (7th Cir. 1986). In the instant case, Mr. Vitek attempted service upon the defendants prior to removal of the case from a Court of Common Pleas in Ohio. Therefore this Court must look to Ohio law to determine whether service of process is valid.

A.

Defendants argue that Mr. Vitek failed to serve three of the four defendants properly under Rule 4.2(F) of the Ohio Rules of Civil Procedure because all defendants were served at an address associated only with AIG Life Brokerage. Mr. Vitek, on the other hand, points to several AIG Life Brokerage correspondences demonstrating that process was served upon each defendant at the appropriate address. This Court must decide whether service of process to each defendant was sufficient pursuant to the Ohio Rules of Civil Procedure.

Ohio R. Civ. P. 4.2(F) states that service of process upon a corporation shall be made:

> by serving the agent authorized by appointment or by law to receive service of process; or by serving the corporation by certified or express mail at any of its usual places of business; or by serving an officer or a managing or general agent of the corporation.

3

It is the plaintiff's duty under the Ohio Rules of Civil Procedure to perfect service of process. <u>Maryhew v. Yova</u>, 11 Ohio St.3d 154, 159 (1984).  The determination of the sufficiency of service of process is within the sound discretion of the trial court. <u>Bell v. Midwestern Educational Serv., Inc.</u>, 89 Ohio App.3d 193, 203 (1993). A presumption of proper service exists when the record reflects that the Civil Rules pertaining to service of process have been followed, unless rebutted by sufficient evidence. <u>Grant v. Ivy</u>, 69 Ohio App.2d 40, 42 (1980).

In the instant case, the record shows that service of process for each defendant was delivered, by certified mail, to 1200 N. Mayfair Rd., Suite 300, Milwaukee, Wisconsin.  It is undisputed that AIG Life Brokerage is located at that Wisconsin address. However, Mr. Vitek argues that, pursuant to Ohio R. Civ. P. 4.2(F), the Wisconsin address is a "usual place of business" for American General Life Insurance Company, American International Group, Inc., and Old Line.  Specifically, Mr. Vitek refers to the footer of a letter between himself and representatives of AIG Life Brokerage dated March 29, 2006 in which "American General Life Companies" is printed directly above "AIG Life Brokerage" and the Wisconsin address. (<u>See</u> Mr. Vitek Aff. at 3.)  Mr. Vitek argues that the similarity of "American General Life Companies" to the names of defendants American International Group, Inc. and American General Life Insurance Company indicates that they are "clearly related" and therefore properly served.

The record indicates that defendant American International Group, Inc. is located in New York, and serves as a holding company and parent corporation to various divisions and subsidiaries, including defendants American General Life Insurance Company and AIG Life Brokerage. (<u>See</u> Corporate Disclosure Statement at 2-3.) However, service of process on a subsidiary is generally not valid as service upon a parent corporation unless the parent "exercises

4

such control and domination over the subsidiary that it no longer has a will, mind or existence of its own" or the subsidiary is "merely a 'dummy' by means of which the parent corporation does business in the state." Ex parte Volkswagenwerk Aktiengesellschaft, 443 So.2d 880, 884 (Ala. 1983)(quoting Prof'l Investors Life Ins. Co., Inc. v. Roussel, 445 F.Supp. 687, 698 (D.Kan. 1978) and Stoehr v. Am. Honda Motor Co., Inc., 429 F.Supp. 763, 766 (D.Neb. 1977)). Because Mr. Vitek has failed to show that AIG Life Brokerage is either entirely dominated by, or merely serves as a "dummy" of, American International Group, Inc., or that AIG Life Brokerage is a "usual place of business" for American International Group, Inc., this leaves the Court with no other option than to conclude that the parent company, American International Group, Inc., was not properly served by serving the subsidiary, AIG Life Brokerage.

Furthermore, Mr. Vitek highlights a letter between himself and representatives of AIG Life Brokerage dated Sept. 27, 2005 indicating that Old Line was a predecessor to AIG Life Brokerage. Therefore, Mr. Vitek argues that service upon Old Line at the address of AIG Life Brokerage was proper. (See Mr. Vitek Aff. at 5.) In Ohio, "even if a corporation is dissolved it may still be sued, and satisfaction or performance of any judgment obtained may be enforced against such corporation." Daniel v. Motorcars Infiniti, Inc., 2005 WL 1406808, *3 (Ohio App. 8th Dist. June 16, 2005) (quoting Bob's Beverage, Inc. v. ACME, Inc., 169 F.Supp.2d 695, 719 (N.D.Ohio 1999)). Process upon a dissolved corporation "may be served by delivering a copy to an officer, director, liquidator, or person having charge of its assets or, if no such person can be found, to the statutory agent." Ohio Rev. Code § 1701.88(c).

Defendants concede that Old Line may have been a predecessor of AIG Life Brokerage, but argue that the successor-in-interest at

5

the time of service is American General Life Insurance Company, also a defendant in this case.  Therefore the defendants contend service of process for Old Line should have been served upon a "usual place of business" of American General Life Insurance Company, and the record indicates that American General Life Insurance Company may be located and incorporated in Texas. (See Corporate Disclosure Statement at 3.)  Conversely, Mr. Vitek claims that American General Life Insurance Company is "clearly related" to AIG Life Brokerage due to the printing of "American General Life Companies," which sounds similar to American General Life Insurance Company, on the footer of an AIG Life Brokerage correspondence. (See Pl.'s Mem. in Opp'n at 2.)  However, aside from the fact that both entities are wholly owned by American International Group, Inc., there is no evidence in the record to support a ruling that the Wisconsin address is a "usual place of business" for American General Life Insurance Company. Because Mr. Vitek has failed to show that process was served on a "usual place of business," this Court concludes that neither Old Line or American General Life Insurance Company were properly served.

B.

Defendants also argue that as a division of the American International Group Companies, AIG Life Brokerage is not a legal entity subject to suit, and is therefore incapable of being served. (Defs.' Mot. to Dismiss at 5; Defs.' Reply in Supp. of Mot. at 6.)

It is well-established that both a plaintiff and a defendant in a lawsuit must be legal entities with the capacity to be sued. Patterson v. V & M Auto Body, 63 Ohio St.3d 573, 574 (1992).  If a defendant in a lawsuit is not an actual or legal entity, then any judgment rendered against that entity is void. Id. at 576.  An exception exists where the incorrectly-named defendant uses the mistake in an attempt to deceive the other parties and the court. Id. (citing Boehmke v. Northern Ohio Traction Co., 88 Ohio St. 156,

102 N.E. 700 (1913)).

In Patterson, the plaintiff brought suit against the name of a sole proprietorship, rather than the person doing business under that name. Id. at 575. The court held that the defendant was not a legal entity, and that a plaintiff could not maintain an action against a defendant solely under a fictitious name where the plaintiff knew that the defendant did business under that fictitious name. Id., construed in Family Medicine Found., Inc. v. Bright, 96 Ohio St.3d 183, 186 (2002).

The legal existence of a corporation begins with the filing of the articles of incorporation. Ohio Rev. Code § 1701.04(D). It is this legal existence that gives the corporation the legal capacity to sue and be sued. Id. § 1701.13(A). Even if an entity does not exist as a corporation, "an action may be commenced or maintained against the user of a trade name or fictitious name" whether or not the name has been registered or reported with the Secretary of State in compliance with section 1329.01 of the Revised Code. Id. § 1329.10. A "trade name" is a "name used in business or trade to designate the business of the user and to which the user asserts a right to exclusive use." Id. § 1329.01(A)(1). A "fictitious name" is a "name used in business or trade that is fictitious and that the user has not registered or is not entitled to register as a trade name." Id. § 1329.01(A)(2). The "main objective of R.C. 1329.10 is to encourage the registration and reporting of fictitious names with the state." Family Medicine Found., Inc., 96 Ohio St.3d at 186.

In the instant case, there is not enough evidence in the record to determine whether or not AIG Life Brokerage is a legal entity. There is evidence that AIG Life Brokerage operates as a division under the American International Group, Inc. umbrella. (See Corporate Disclosure Statement at 3.) However, the record is unclear as to whether AIG Life Brokerage is incorporated, or

7

operates under a trade name or under a fictitious name.

Furthermore, Mr. Vitek admits that the "purpose of naming each of these entities as Defendants was to attempt to sort out a confusing corporate structure to see exactly which entity currently is responsible[.]" (Pl.'s Mem. in Opp'n at 2.)  It does not appear that Mr. Vitek knew, at least before receiving defendants' motion to dismiss, that AIG Life Brokerage may not be an entity subject to suit.  Additionally, the record does not indicate whether Mr. Vitek made any inquiries to determine the legal status of AIG Life Brokerage prior to suit, including examining filings of registered trade names or articles of incorporation with the Secretary of State.  Because there is simply not enough evidence to determine whether or not AIG Life Brokerage is an entity subject to suit, and it is Mr. Vitek's duty to perfect service and prove that such service has been made, this Court concludes that service upon AIG Life Brokerage was not proper.

Based on the foregoing, this Court concludes that defendants AIG Life Brokerage, American General Life Insurance Company, American International Group, Inc., and Old Line were not properly served pursuant to the Rule 4.2(F) of the Ohio Rules of Civil Procedure.

### III.

Although Mr. Vitek failed to properly serve defendants, this conclusion does not end the Court's inquiry.  Before dismissal of an improperly served complaint, Fed. R. Civ. P. 4(m) requires the undertaking of a two-part analysis to determine whether Mr. Vitek is entitled to an extension of time for service.

Because service of process was attempted prior to removal, this Court applied Ohio law to determine the validity of service. However, the Federal Rules govern procedure after removal from state courts. Fed. R. Civ. P. 81.  With regards to defective

service prior to removal, 28 U.S.C. § 1448 provides:

> In all cases removed from any state court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.

Before dismissal of an improperly served complaint, Fed. R. Civ. P. 4(m) requires the undertaking of a two-part analysis. See, e.g. Becker v. Warden Ross Correctional Inst., 2006 WL 2869567, *1 (S.D. Ohio Oct. 5, 2006). First, the court must determine whether the plaintiff has shown good cause for the failure to effect service. If he has, then "the court shall extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Second, if the plaintiff has not shown good cause, the court must either (1) dismiss the action or (2) direct that service be effected within a specified time. See id. In other words, the court has discretion to permit late service even absent a showing of good cause. Id. (citing Henderson v. United States, 517 U.S. 654, 662 (1996)("Most recently, in [the] 1993 amendments to the Rules, courts have been accorded discretion to enlarge the 120-day period 'even if there is no good cause shown.'")).

A.

A finding of good cause for extension of the time in which to serve a defendant is a matter of discretion entrusted to the district court. Friedman v. Estate of Presser, 929 F.2d 1151, 1157 (6th Cir. 1991). To demonstrate good cause, a plaintiff must show at least excusable neglect. Stafford v. Franklin County, 2005 WL 1523369, *3 (S.D. Ohio Jun. 28, 2005).

In the present instance, Mr. Vitek argues that each of the four defendants were served at the same Wisconsin address because

9

of their relation under the "confusing" American International Group, Inc. corporate structure. (Pl.'s Mem. in Opp'n at 2.) In addition, Mr. Vitek states that by filing their motion, defendants are aware of the lawsuit and therefore "there is no element of surprise involved." Id.

The Sixth Circuit has established that inadvertent failure or "half-hearted efforts" to serve a defendant within the statutory period do not constitute good cause. Friedman, 929 F.2d at 1157. Furthermore, actual knowledge of the action does not serve as good cause to cure defective service of process. Id. at 1155-56. The record indicates that Mr. Vitek named each of the defendants based on the appearance of their names on AIG Life Brokerage correspondences. However, there is no evidence that Mr. Vitek made any inquiries to determine the legal status or addresses of each defendant prior to suit, aside from that of AIG Life Brokerage. It is of no consequence that defendants actually received notice of the lawsuit. Although the defendants' corporate structure may be complex, this Court concludes that Mr. Vitek has failed to demonstrate good cause for his failure to properly serve process on defendants.

B.

Accordingly, this Court must now consider whether to direct that service be effectuated within a specified period of time, or instead to dismiss the action. See Becker, 2006 WL 2869567, at *3. In determining whether to exercise this discretion, the Court considers the following factors: (1) whether a significant extension of time is required; (2) whether an extension of time would prejudice the defendant other than the inherent "prejudice" in having to defend the suit; (3) whether the defendant had actual notice of the lawsuit; (4) whether a dismissal without prejudice would substantially prejudice the plaintiff; and (5) whether the

plaintiff had made any good faith efforts at effecting proper service of process. Stafford, 2005 WL 1523369, at *3. Furthermore, the Court of Appeals has demonstrated a "strong preference that claims be adjudicated on their merits." Coleman v. Shoney's, Inc., 79 Fed. Appx. 155, 157 (6th Cir. 2003).

This Court concludes that these equitable factors weigh in favor of granting Mr. Vitek an extension of time in which to properly serve the summons and Complaint on each defendant. Defendants do not claim, nor does the Court find, any prejudice by allowing Mr. Vitek additional time to properly effectuate service. Additionally, given defendants' filing of defendants' Motion to Dismiss, the Court notes that defendants now have actual notice of the lawsuit, which negates any claim of surprise. Furthermore, Mr. Vitek did make an effort, albeit an insufficient one, to effectuate service. Finally, dismissal of this case would cause plaintiff to suffer the loss of his filing fee and it is unclear whether the statute of limitations may prevent the re-filing of some of Mr. Vitek's claims. Because of the strong preference to adjudicate claims on their merits, this Court concludes that defendants' motion to dismiss Mr. Vitek's complaint for insufficient service of process under Fed. R. Civ. P. 12(b)(5) should be denied. Mr. Vitek will be granted an extension of time to properly serve defendants under the Federal Rules of Civil Procedure.

IV.

Based on the foregoing, Defendants' motion to dismiss (doc. #5) is DENIED. Mr. Vitek will be given an additional thirty (30) days from the issuance of this Opinion and Order to perfect service. Should Mr. Vitek not perfect service within the

additional time frame outlined in this Opinion and Order, this case may be dismissed.

                                        <u>/s/ Algenon L. Marbley</u>
                                        United States District Judge